## HEIMS BREWING COMPANY

### v.

## MARY FLANNERY AND PATRICK FLANNERY.

38    95
137s 309

*Landlord and Tenant—Recovery of Rent—Lease—Conditions.*

In an action brought for the recovery of rent this court construes the instrument, executed by the parties thereto, and declines in view of the evidence to interfere with the judgment for the plaintiffs.

[Opinion filed May 30, 1890.]

APPEAL from the Circuit Court of St. Clair County; the Hon. W. H. SNYDER, Judge, presiding.

Mr. M. MILLARD, for appellant.

Messrs. F. G. COCKRELL and MARTIN BAKER, for appellees.

*Per Curiam.*   This was a suit for rent, and a judgment for $50 was rendered in favor of appellees and against appellant. The question of the proper construction of the instrument executed between the parties is a difficult one, and not free from doubt, but we are inclined to think, that, taking the whole instrument together, with its subsequent modification, it was intended by the parties thereto, not only as a lease of appellees' building, but also to give to appellant the benefit of getting the trade and business of appellees, prevent them (except in one named place) from entering into the same business again, in the first ward of East St. Louis, during the five years covered by the instrument, and to require appellees to use the beer of appellant. The accomplishment of these purposes was a substantial and material part of the consideration for the agreement on the part of appellant to pay the $3,000, and it still has the right to enforce them notwithstanding the surrender of the house.

That it was designed to obtain these rights with the privilege of enforcing them for five years, notwithstanding appellant should quit and surrender up the possession of the building

when in default for ten days upon the payment of rent, explains the clause that follows, viz.: "but for this cause (that is, the surrender of the building,) the obligation to pay shall not cease."

We think there is nothing in the question of *ultra vires*, at least when raised by appellant.    Bradley v. Ballard, 55 Ill. 413.

The judgment of the court below will be affirmed.

*Judgment affirmed.*